[Crim. No. 32121. Second Dist., Div. Five. Dec. 7, 1978.]

In re KENNETH T., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
KENNETH T., Defendant and Appellant.

## Counsel

Robert M. Nadel, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and John A. Saurenman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ASHBY, J.**—In a petition filed pursuant to Welfare and Institutions Code section 602 it was alleged in two paragraphs that appellant twice committed robbery in violation of Penal Code section 211. As to each paragraph it was also alleged that appellant was armed with a deadly weapon and used a firearm within the meaning of Penal Code sections 12022 and 12022.5. Appellant admitted the allegations of paragraph I, including the use allegation. Paragraph II was dismissed.

On October 13, 1977, a referee ordered appellant taken from the care and custody of his parents and placed in the Camp Community Placement Program. However, the referee stayed the execution of this order until June 30, 1978, apparently to permit appellant to complete high school prior to placement.

On October 17, 1977, a judge of the juvenile court, on his own motion, granted a rehearing of the dispositional order because ". . . A STAYED CAMP COMMUNITY PLACEMENT ORDER VIOLATES COURT POLICY AND THE SERIOUSNESS OF THE CHARGES WARRANT FURTHER CONSIDERATION OF DISPOSITION." After rehearing the matter on November 8, 1977, the judge ordered appellant taken from the custody of his parents and placed in the Camp Community Placement Program (without a stay of execution).

Appellant contends the juvenile court judge erred in granting a rehearing of the dispositional order on his own motion. This contention lacks merit. Appellant first argues that the referee had the power to stay execution of the order under Welfare and Institutions Code section 737. However, the *power* of the referee to do so was not at issue. The *wisdom* of staying a Camp Community Placement order for such a substantial period of time, particularly in view of the seriousness of the crimes, was properly subject to redetermination by a judge.

Appellant next contends that the procedures of Welfare and Institutions Code section 777 should have been followed. This argument also lacks merit. Welfare and Institutions Code section 253 clearly authorized the judge to proceed by way of rehearing. It provides: "A judge of the juvenile court may, on his own motion made within 20 judicial days of the hearing before a referee, order a rehearing of any matter made before a referee." Section 777 is inapplicable.

The Attorney General commendably directs our attention to the recent decision in *Jesse W.* v. *Superior Court,* 20 Cal.3d 893 [145 Cal.Rptr. 1, 576 P.2d 963], and correctly distinguishes it. In that case the referee conducted an *adjudication* hearing at which he concluded that it had not been proved beyond a reasonable doubt that the minor committed the offense, and the referee dismissed the action. A judge of the juvenile court granted a rehearing on his own motion. The Supreme Court issued a writ of prohibition to restrain the proceedings, holding that the de novo rehearing before a judge would expose the minor to double jeopardy in violation of the Fifth Amendment to the United States Constitution. However, in footnote 5 at page 899, the court made clear that the decision was limited to a favorable adjudication of guilt by the referee at the jurisdictional phase of the case and would not affect an order relating solely to disposition.

■ Appellant's final contention is that a certain remark by the judge at the time of disposition indicated bias. The remark cited by appellant is, "I note, to begin with, that the minor will turn 18 in less than a month. Generally speaking, we lose interest in young people when they turn 18. They become grist for another mill." The court went on to say that it was fairly late to embark on a rehabilitative process, and that, had the minor committed the robbery a few months later, after turning 18, the use of the firearm would have rendered a prison term mandatory.[1]

The court's remark does not indicate prejudice. The court was merely restating the fact that under Welfare and Institutions Code section 602 the juvenile court has jurisdiction only where the person is under the age of 18 when he violates any law.

The order appealed from is affirmed.

Kaus, P. J., and Hastings, J., concurred.

---

[1]Penal Code section 1203.06 is now being considered by the California Supreme Court in *People* v. *Tanner* (Crim. 20075, hg. granted July 21, 1977).